IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIANNE RACHEL SUMMERS,

                Plaintiff,

v.                                                  ORDER

CAROLYN COLVIN,                       12-cv-22-wmc
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Lianne Summers filed this lawsuit *pro se* pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security's denial of plaintiff's application for social security disability benefits. Summers was granted leave to proceed *in forma pauperis* and the United States Marshal was directed to serve her complaint on defendant Commissioner. The United States Attorney was served on January 25, 2012, and the answer was due 60 days from that date. On March 29, 2012, the Commissioner filed his answer with the court, three days after the March 26, 2012 answer deadline. Plaintiff subsequently moved for entry of default under Fed. R. Civ. P. 55(a) and for Default Judgment. Both motions will be denied.

In her motion for entry of default, which is dated March 30, 2012, Summers contends that the Commissoner should be found in default because he has failed to respond to Summers's complaint.

Fed. R. Civ. P. 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Under Rule 55, entry of default is reserved for instances in which a party has failed to plead or otherwise defend. In her motion, Summers asserts that as of March 30, 2012, she had not received an answer. According to the docket sheet in this case, however, the Commissioner filed his answer on March 29, 2012. Assuming that the Commissioner's answer was mailed to

Summers the same day that it was filed electronically with the court, Summers would have received the answer within the next couple of days.

Although late, the Commissioner's answer constitutes steps to defend this lawsuit. Furthermore, under Fed. R. Civ. P. 6(b)(1)(B), the court may extend the time for completing an act "if the party failed to act because of excusable neglect." The term "excusable neglect" as used in Rule 6(b) is a flexible concept that encompasses late filings caused by inadvertence, mistake or carelessness. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 389 (1993). In deciding whether a particular neglect is "excusable," the court must consider all the relevant circumstances surrounding the omission, including the length and reason for the delay, its potential impact on judicial proceedings, whether the movant acted in good faith and the danger of prejudice to other parties. *Id*. at 395.

Having considered the circumstances here, I am satisfied that excusable neglect has been shown. The three-day delay was relatively brief, had no impact on the judicial proceedings and did not prejudice Summers. Summers' motion for entry of default will be denied. Accordingly, since Summer's motion for entry of default will not be granted, her motion for default judgment will be denied as moot.

## ORDER

IT IS ORDERED that

1. Plaintiff Lianne Summers's motion for entry of default pursuant to Fed. R. Civ. P. 55(a) (dkt. #12) is DENIED.

2. Summers's motion for default judgment (dkt. #13) is DENIED as moot.

Entered this 23rd day of July, 2013.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge