IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIANNE RACHEL SUMMERS,

            Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration,

            Defendants.

ORDER

12-cv-22-wmc

---

Plaintiff Lianne Rachel Summers sought judicial review of an adverse decision by the Commissioner of the Social Security Administration, finding her ineligible for Disability Insurance Benefits under Title II of the Social Security Act, codified at 42 U.S.C. §§ 416(i) and 423(d), and Supplemental Security Income benefits under Title XVI of the Act, codified at 42 U.S.C. §§ 1381(a) and 1382(a). On December 13, 2013, the court affirmed the Commissioner's decision and dismissed this case. In doing so, the court found that there was substantial evidence in the record to support the decision and no reversible error.

Summers has now filed a motion for reconsideration, which is construed as one seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e). To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Summers does not allege an error of law or assert a mistake of material fact. Instead, she rehashes arguments that were raised and considered previously in this case. It is well-settled that a motion to reconsider is not a proper vehicle to advance arguments or legal theories that could and should have been made before the district court entered judgment or to present evidence that was available

earlier. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247–248 (7th Cir. 1995); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). In other words, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)).

Summers does not show that the dismissal order was entered in error or that she is entitled to relief from the judgment. Accordingly, her motion for reconsideration will be denied.

## ORDER

IT IS ORDERED that plaintiff Lianne Rachel Summers's motion for reconsideration (Dkt. # 30) is DENIED.

Entered this 2nd day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge